Kavon Adli (Bar No. 203040)
kavon@tilg.us
Richard A. De Liberty (Bar No. 203754)
richard@tilg.us
Baber Khan (Bar No. 295846)
baber@tilg.us
THE INTERNET LAW GROUP
9107 Wilshire Boulevard, Suite 450
Beverly Hills, CA 90210
tel. (310) 910-1496
fax (310) 356-3257

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL MASTER INTERNATIONAL GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ESMOND NATURAL, INC., PAUL CHIA-YIN WEI, and DOES 1–10,<br><br>Defendants. | No. 2:19-cv-10360<br><br>**COMPLAINT FOR**<br>**1. CIVIL RICO VIOLATIONS**<br>**2. FRAUD**<br>**3. BREACH OF WARRANTY**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Global Master International Group alleges:

**JURISDICTION**

1. This Court has original jurisdiction of this action under 28 U.S.C. § 1331 because it arises under a federal statute, 18 U.S.C. § 1962.

2. This Court has supplemental jurisdiction over all other claims under 28 U.S.C. § 1367.

**PARTIES**

3. Plaintiff Global Master International Group is a California corporation with its principal place of business in El Monte, California. Global Master exports nutritional supplements to the People's Republic of China and markets them to consumers there.

4. Defendant Esmond Natural is a California corporation with its principal place of business in Irwindale, California. Esmond is a wholesale supplier of private-label nutritional supplements.

– 1 –

5. Defendant Paul Chia-Yin Wei is a citizen of California. On information and belief, Wei founded Esmond and is its chief executive officer.

6. The true names and capacities of Does 1–10 are unknown to plaintiff.

## FACTS

7. From its founding in 2006 until a few years ago, nearly all of Global Master's supplements were produced by Esmond as private-label products.

8. Global Master placed wholesale orders with Esmond for specific formulations of supplements. Esmond sourced the supplements from manufacturers in New York, California, and elsewhere in the United States, supplied and filled the bottles, printed and applied private labels showing Global Master's formulations.

9. By 2017, Global Master was growing dissatisfied with Esmond because of increasing production delays and cosmetic quality problems, such as malformed tablets, printing errors, and crooked labels.

10. In late 2017, Global Master ceased placing orders with Esmond.

11. At the same time, Global Master began building relationships with new suppliers. Some of the new suppliers had, in the past, manufactured supplements for Esmond to fulfill orders from Global Master. Global Master negotiated with the new suppliers to manufacture some of the same supplement formulations previously ordered from Esmond.

12. Through these negotiations, little by little, Global Master uncovered a systematic scheme of fraud carried out by Esmond over many years. When Global Master placed orders for specific formulations of supplements, Esmond would fulfill those orders with different and much lower strength formulations, often with missing, lower quality, or entirely different ingredients. Esmond then loaded the inferior supplements into bottles with private labels, printed by Esmond on Global Master's behalf, showing the full-strength formulation that Global Master had ordered.

13. As an example, Exhibit A is the private label for a nutritional supplement known as Saw Palmetto that Esmond supplied for Global Master. As shown on the label, the formulation that Global Master ordered from Esmond contained 300mg of Saw Palmetto in each pill, among other ingredients. To fill that order, Esmond contacted a manufacturer in New York and ordered a very different

formulation, containing only 100mg of Saw Palmetto in each pill (200mg per two-tablet serving) and different amounts of other ingredients. Exhibit B is the actual formulation that Esmond ordered from the manufacturer and supplied to Global. Esmond then loaded the 100mg Saw Palmetto pills in bottles with Global Master's 300mg Saw Palmetto labels, printed by Esmond, and shipped them.

14. Wei accepted and approved Global Master's orders, designed labels for Global Master, supervised both the acquisition of supplements from various suppliers and the fulfillment of orders, and was aware of all aspects of Esmond's ongoing fraudulent scheme.

15. Wei used email and other wire communications to carry out the fraudulent scheme. For example, Wei accepted and approved orders, acquired supplements, and coordinated fulfillment using email and other messaging services.

16. Wei used the mail to carry out the fraudulent scheme. For example, Esmond had supplements shipped from suppliers in New York, California, and elsewhere in the United States, and shipped completed orders to China.

17. Through Esmond, Wei systematically repeated this pattern with dozens of orders over many years, continuing to 2017.

18. While Global Master ceased placing orders with Esmond in late 2017, it received deliveries from Esmond on existing orders as late as February 2019, as a result of Esmond's delays.

19. Global Master has a substantial inventory of supplements supplied by Esmond that it now knows are not conforming and therefore is unable to sell.

**FIRST CLAIM**

**Civil RICO Violations**

**Against All Defendants**

20. All allegations of this complaint are incorporated into this first claim.

21. Esmond is an "enterprise" within 18 U.S.C. § 1961(4).

22. Esmond was engaged in interstate and foreign commerce and its activities affected interstate and foreign commerce.

23. Wei is employed by and associated with Esmond.

24. Wei conducted and participated in the conduct of Esmond's affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c). Specifically, Wei repeatedly and knowingly participated in a scheme defraud Global Master using the mails and interstate and foreign wire communications to carry out essential parts of the scheme in violation of 18 U.S.C. §§ 1341 and 1343, which is racketeering activity under 18 U.S.C. § 1961(1)(B).

25. Defendants conspired to conduct Esmond's affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).

26. Global Master suffered injury to its business or property by reason of Defendants' violations of 18 U.S.C. § 1962.

## SECOND CLAIM

### Fraud

### Against All Defendants

27. All allegations of this complaint are incorporated into this second claim.

28. With each order from Global Master, Defendants represented and promised that they would fulfill the orders with the formulation specified in the order, packaged in bottles accurately labelled to reflect their contents.

29. Defendants' representations were false.

30. Defendants did not intend to perform their promises when made.

31. Defendants knew that the representations were false when made.

32. Defendants intended that Global Master rely on the representations and promises.

33. Global Master reasonably relied on Defendants' representations and promises.

34. Global Master was harmed and its reliance was a substantial factor in causing the harm.

35. Defendants have been unjustly enriched as a result of their fraud.

36. Defendants acted with malice, oppression, and fraud.

## THIRD CLAIM

### Breach of Warranty

### Against Esmond

37. All allegations of this complaint are incorporated into this third claim.

38. With each order from Global Master, Defendants represented and promised that they would fulfill the orders with the formulation specified in the order, packaged in bottles accurately labelled to reflect their contents.

39. Esmond's representations were materially false.

40. Global Master reasonably relied on Esmond's representations.

41. Global Master was harmed and its reliance was a substantial factor in causing the harm.

## **PRAYER**

Plaintiff prays for judgment for:

1. General damages in an amount to be proven;
2. Consequential and incidental damages in an amount to be proven;
3. Treble damages under 18 U.S.C. § 1964(c);
4. Punitive damages;
5. Attorney's fees and costs under 18 U.S.C. § 1964(c);
6. Costs of suit; and,
7. Such other relief as is fair, just, and equitable.

DATED: December 6, 2019

        THE INTERNET LAW GROUP

        /s/ Richard A. De Liberty
        Richard A. De Liberty
        Attorneys for Plaintiff

– 5 –

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all the issues so triable.

DATED: December 6, 2019

           THE INTERNET LAW GROUP

           /s/ Richard A. De Liberty
           Richard A. De Liberty
           Attorneys for Plaintiff